Mr. Justice Walker delivered the opinion of the Court. This writ of quo warranto was issued against the defendant requiring him to show by what authority he exercises the franchise of sheriff of the county of Crawford in this State. In his plea for answer he sets forth an election, commission and every other requisite duty to entitle him to that office. The State replies that he forfeited that right by failing to return and file in the office of the clerk of said county the original assessment list of taxable property of said county for the year 1849, together with a certified copy thereof, on or before the 25th of March, 1849, and that by reason of such failure,' upon the certificate of the judge of the county court of said county to the Governor of that fact, the Governor, on the 3d of July, 1849, declared the said office vacant, and that the same is vacant. To this replication the defendant demurred, and we-are called upon to decide whether an officer, duly installed into office, can, within the constitutional period of his term, be deposed from office by an ex parte certificate of neglect of official duty without notice or trial. Such a course seems to have been contemplated by the 37th sec. Dig. 876, which provides that if the assessment list is not returned by the sheriff at the time and in the manner prescribed by law, he shall forfeit his office, and that the judge of the county court, three justices of the peace, or six creditable householders shall certify such failure to the Governor, who shall, within ten days thereafter, declare the office vacant. Take this as the only statute on the subject, and the question would fully arise as to whether the sheriff could be deposed from office until charged before some competent tribunal and afforded an opportunity to disprove the alleged neglect of official duty. This privilege is so reasonable and just in itself, indeed so indispensably necessary to the protection of the rights of the citizen, that, independent of the safeguards thrown around Mm by the constitution, we would reluctantly see them invaded. This section, however, does not stand alone. The 31st section of the same act provides that any assessor, who shall fail to file his assessment list by the time specified in this act, shall be guilty of a misdemeanor in office, and on conviction shall be fined and removed from office. The 12th Sec. Dig. 940 provides that when any Sheriff shall be found guilty of a misdemeanor in office, the Court, before whom the trial shall be had, shall declare the office vacant, and shall eause a copy of the record to be certified to the Governor. These sections relating to the same offence furnish a complete and adequate redress in such cases. The summary mode which has been resorted to in this instance, however it might tend to facilitate the collection of the revenue by stimulating the officer to a prompt discharge of his duty, must yield to the constitutional rights of the citizen and officer; not that he has a right to retain the office for a moment after he has violated the law, but that before he shall be deprived of it, he shall be heard in defence before a competent tribunal. The demurrer must be sustained'